RENO NEWSPAPERS, INC., a Corporation, and NEVADA INDUSTRIAL COMMISSION, Appellants, v. FORREST M. BIBB, Guardian ad Litem for JOHN STEPHEN BIBB, Respondent.

No. 4286

July 1, 1960          353 P.2d 458

*Bible, McDonald and Jensen,* of Reno, for Appellant Reno Newspapers, Inc.

*William J. Crowell,* of Carson City, for Appellant Nevada Industrial Commission.

*Gordon W. Rice,* of Reno, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

In the court below plaintiff (respondent Bibb) sued Reno Newspapers, Inc., Nevada Industrial Commission, and others on account of injuries received by him when he was knocked to the ground by an automobile while

he was delivering newspapers to subscribers of the Nevada State Journal, a newspaper owned by Reno Newspapers, Inc.

After a pre-trial conference, the court on January 5, 1960 entered a judgment:

1. That as between plaintiff and Reno Newspapers, Inc., the compensation and benefits provided by the Nevada Industrial Insurance Act are exclusive;

2. That the action be dismissed as to Reno Newspapers, Inc.;

3. That plaintiff be awarded judgment against the Nevada Industrial Commission for the full amount of compensation and benefits due him under the provisions of the Nevada Industrial Insurance Act. [NRS 616.010 et seq.]

After rendition of judgment plaintiff's attorney served on defendants a notice of entry of judgment which stated that "On January 5, 1960, the court duly entered a judgment dismissing said action as to Reno Newspapers, Inc., and entered its judgment against Nevada Industrial Commission and in favor of plaintiff."

Reno Newspapers, Inc., has appealed "from that certain final judgment made and entered on the 5th day of January 1960 in favor of the plaintiff and against this defendant." The notice of appeal is silent with respect to said judgment of dismissal. A separate and independent appeal has been taken by Nevada Industrial Commission.

The matter now before this court for determination is a motion by respondent to dismiss the appeal of Reno Newspapers, Inc.

Obviously Reno Newspapers, Inc. has not appealed from paragraph 2 of said judgment because paragraph 2 is an adjudication in its favor and against plaintiff, or from paragraph 3 which is a judgment not against Reno Newspapers, Inc. but against the Nevada Industrial Commission. Paragraph 1 is not a judgment in favor of plaintiff and against Reno Newspapers, Inc. but is merely the court's reason upon which those parts of the judgment in paragraphs 2 and 3 are based.

Rule 73 (b) NRCP provides that the notice of appeal shall designate the judgment or part thereof appealed from. Only those parts of the judgment which are included in the notice of appeal will be considered by the appellate court. Scheeline Banking & Trust Co. v. Stockgrowers' & Ranchers' Bank of Reno, 54 Nev. 346, 16 P.2d 368; Glassco v. El Sereno Country Club, Inc., 217 Cal. 90, 17 P.2d 703; Walta v. Bayer Construction Co., 185 Kan. 408, 345 P.2d 631; Borgen v. Wiglesworth, 185 Kan. 108, 340 P.2d 365; Walton v. Blauert, 256 Wis. 125, 40 N.W.2d 545.

The restrictive nature of the notice of appeal leaves nothing for this court to consider or adjudicate.

It is ordered that the appeal of Reno Newspapers, Inc. be dismissed.

BADT and PIKE, JJ., concur.