ADELSON, INC., A CORPORATION, APPELLANT, *v.* YOUNG ELECTRIC SIGN COMPANY, A CORPORATION, RESPONDENT.

No. 4277

YOUNG ELECTRIC SIGN COMPANY, A CORPORATION, APPELLANT, *v.* ADELSON, INC., A CORPORATION, RESPONDENT.

No. 4278

September 19, 1960                    355 P.2d 173

(Petition for rehearing denied in No. 4278, October 20, 1960.)

*Calvin C. Magleby* and *Albert M. Dreyer,* of Las Vegas, for Adelson, Inc.

*Samuel S. Lionel,* of Las Vegas, for Young Electric Sign Co.

**O P I N I O N**

By the Court, PIKE, J.:

The two above separately numbered appeals, representing, respectively, an appeal and cross-appeal from the same judgment of the trial court, were consolidated for hearing and disposition.

Young Electric Sign Company, plaintiff, alleged that

it was the owner of a certain neon display sign of the approximate value of $2,500 which was wrongfully in the possession of and detained by defendant Adelson, Inc.

Plaintiff prayed judgment for an order directing defendant to deliver to plaintiff possession of said property and, in event said property could not be so delivered, that plaintiff have judgment against defendant for the reasonable value thereof in the sum of $2,500.

The answer of defendant Adelson, Inc. denied plaintiff's allegations and, by counterclaim, alleged defendant's ownership of the sign and sought a judgment barring plaintiff from asserting any interest in the same.

Defendant came into possession of the sign by reason of a lease agreement with plaintiff. The lease provided for the extension of the lease for a like term, should the lessee fail to give notice of intention to cancel prior to the original expiration date, and should continue to use the sign after such date. Other provisions related to agreed liquidated damages in an amount equal to three-fourths of the balance of the rental payable under the lease, should the lessee be in default in the payment of rental or otherwise breach the lease agreement. Plaintiff offered evidence pertaining to reasonable rental for use of the sign by defendant after the original expiration date of the lease based upon continued use of the sign by defendant after that date, and the formula for agreed liquidated damages above referred to.

Judgment of the trial court was that plaintiff "* * * have judgment against the defendant, Adelson, Inc., for the return of the doublefaced neon sign * * * and in the event the defendant fails or is unable to return the said sign to the plaintiff within 15 days from the date hereof * * * that plaintiff have judgment against the defendant for the sum of $2,500."

Defendant Adelson, Inc. appealed from such final judgment and filed its undertaking covering both costs on appeal and staying execution of the judgment pending determination of the appeal. Plaintiff appealed "* * * from that portion of the final judgment entered

on the 7th day of October 1959, insofar as said judgment limited the damages of the plaintiff to the sum of $2,500."

Plaintiff urges in its briefs and oral argument that, although its amended complaint alleged the approximate value of the sign to be $2,500, evidence adduced at the trial showed the value of the sign to be $5,500 and it seeks a modification of the judgment in its favor for either the sum of $8,089.73, claimed to be the reasonable rental value of the sign, or for the sum of $5,500 as the value of the sign.

Although plaintiff's complaint contained no allegations with reference to a claim for reasonable rental of the sign, evidence pertaining to reasonable rental value was introduced at the trial over the objections of defendant and, by motion made during the trial, plaintiff's counsel sought an order of court permitting an amendment of plaintiff's pleading so as to include this claim for reasonable rental. Plaintiff renewed such motion after the close of the evidence, but the trial court did not rule upon the motion and, in its decision rendered prior to judgment, and in the judgment made no reference to the reasonable rental sought by plaintiff.

The appeal of Adelson, Inc. assigns error on the part of the trial court in its failure to find and hold that defendant was the owner of the sign by reason of a certain claimed option to purchase the sign for the sum of $1 upon full performance by defendant of the terms and conditions of the written lease agreement between the parties. Such lease agreement covering a three-year period ending March 31, 1958 made no mention of any such option, but defendant offered evidence of the contents of a letter claimed to have been received by defendant from plaintiff granting the option subsequent to the execution of the lease agreement. Defendant corporation did not produce such letter at the trial but, over objection, two of its officers, after testifying that the letter was lost, testified concerning the substance of its contents, and a former general manager of plaintiff corporation, one Jack Young, testified that he had written an option letter to defendant. The testimony of the last

mentioned witness was not definite as to the terms of the missing letter, but stated his recollection that it provided that, upon satisfactory performance by defendant of the three-year lease agreement of the sign, defendant would have the option of purchasing the sign for "either 20 percent of the outright sales price or one dollar."

Plaintiff corporation denied the granting of the option to purchase, and the general manager of the sign company, one Vaughn Cannon, testified that a search of the corporate records failed to disclose a copy of any such option letter. The evidence shows that such witness had been an employee of the sign company for some 12 years previous, and service manager for the corporation at the time that the option letter was claimed to have been written to defendant by plaintiff's then general manager. He testified concerning the business practice of the corporation to maintain a copy of any such option letter in its Las Vegas office, as well as copies in the company's Salt Lake City office and in a bank safe deposit box. Plaintiff also introduced into evidence a copy of an option letter of the nature claimed by defendant and signed by the former general manager for the sign company, which letter, however, related to an entirely different and prior transaction pertaining to a sign lease agreement between plaintiff and defendant.

With this evidence before it the trial court found that there was no option granted by the plaintiff to the defendant and, even if there had been an option to purchase, defendant did not exercise it. The finding and judgment of the trial court in this regard is supported by substantial evidence and will not be disturbed upon this appeal. This holding disposes of the appeal of Adelson, Inc.

The cross-appeal of plaintiff requires that primary consideration be given to its notice of appeal from the judgment. Rule 73 (b) NRCP provides that such notice must specify the judgment or the part thereof appealed from and here the notice specifies that plaintiff appeals "* * * from that portion of the final judgment entered on the 7th day of October 1959 insofar as said judgment

limited the damages of the plaintiff to the sum of $2,500." Here the judgment of the trial court was, by its terms, limited to a judgment for the return of the sign and an alternative judgment for its value if not returned. The decision in Lambert v. McFarland, 2 Nev. 58, pointed out that in an action of replevin the primary object of the action is the recovery of the property, and judgment for its value in damages is only authorized when a delivery of the property itself cannot be had.

This was the nature of the judgment sought by plaintiff in the instant case. Had plaintiff elected to do so, it could have recovered possession of the sign prior to judgment through the provisional remedy of claim and delivery. NRCP 64, NRS 31.840. The record shows that, at the time of trial and entry of judgment, the sign continued in the possession of defendant and, so far as appears, there is no reason why the judgment for the delivery of the sign to plaintiff cannot be satisfied by the sheriff under a writ of execution. Rule 70 NRCP. NRS 21.050.

If the language contained in plaintiff's notice of cross-appeal be interpreted to include an appeal from the amount awarded in the alternative as the value of the property sought to be recovered in the event that its delivery cannot be had, the record does not support the sign company's contention on appeal that the testimony of Cannon as to the value of the sign being $5,500 was uncontradicted.

Plaintiff had pleaded that the sign had a reasonable value of approximately $2,500. The lease agreement provided, "It is agreed by the parties hereto that the Sign is of special construction made for the uses and purposes of the lessee and no other, and that except for use by the lessee the Sign has no value." There was evidence that the sign had been in use for three years prior to April 1, 1958. Jack Young, who had supervised the installation of the sign, testified that the only value that the sign had in April 1958 was the value it would have had to defendant. He also testified that the sign was not

as good in April of 1958 as when it was installed in March of 1955, some three years earlier, by reason of wear, tear, and use. The witness referred to certain elements of deterioration to the transformers, wiring, and. paint. Accordingly, there was conflict in the evidence as to the value of the sign on the specified date, and the court having resolved the issue by its holding that the sign was worth less than the amount indicated by Cannon's testimony, the amount of such judgment will not be modified on this appeal.

The trial court, while not ruling upon plaintiff's motion to amend plaintiff's complaint, so as to seek reasonable rental value commencing April 1, 1958, commented in effect that perhaps an amendment was not necessary for the reason that, if the evidence so merited, the court might at any time make findings to conform to the proof. However, no finding pertaining to reasonable rental value was made by the court and the record shows no motion by plaintiff to obtain such a finding or an alteration of judgment. The trial court did not make specific reference to any rules of civil procedure, and we find it unnecessary to determine this point. The only specification of error on the cross-appeal is the awarding to Young of a judgment restricted to $2,500. Young does not assign as error either the failure of the court to grant plaintiff's motion to amend with reference to reasonable rental value, or its failure to make a finding or enter judgment with reference to the same. Furthermore, Rule 73 (b) NRCP provides that the notice of appeal shall designate the judgment or part thereof appealed from, and only those parts of the judgment which are included in the notice of appeal will be considered by the appellate court. Reno Newspapers, Inc. v. Bibb, 76 Nev. 332, 353 P.2d 458, and authorities there cited.

The $2,500 provided in the judgment to be paid in the alternative as the value of the sign cannot be construed as a judgment or a portion of a judgment relating to the issue of reasonable rental for the same. This being

true, plaintiff's notice of appeal precludes this court from considering the issue of reasonable rental value. Judgment affirmed, with no costs to either appellant or cross-appellant.

MCNAMEE, C. J., and BADT, J., concur.