JOHN MANZONIE, ADELLIE MANZONIE, AND GAILIN MANZONIE, Appellants, v. STATE OF NEVADA ex rel. ELMO DeRICCO, State Engineer, and VERN V. CYR, Respondents.

No. 4836

February 2, 1965 · 398 P.2d 694

*John Manzonie, Thomas J. O'Donnell,* and *Michael L. Hines,* of Las Vegas, for Appellants.

*Gray, Horton and Hill,* of Ely, for Respondent Vern V. Cyr.

*Harvey Dickerson,* Attorney General, *William Paul,* Deputy Attorney General, of Carson City, for Respondent State of Nevada.

## OPINION

*Per Curiam:*

Appellants filed an action in the court below for an injunction to enjoin the State Engineer from interference with certain water rights owned by appellants.

Respondent Vern V. Cyr was permitted to intervene and did intervene by filing an answer and counterclaim to the complaint. A motion for preliminary injunction filed by appellants came on for hearing before the lower court on July 29, 1964, at which time the court made the following order:

"Plaintiffs above named having heretofore filed herein a Complaint for Injunction and therein praying for a Preliminary Injunction, and the hearing of said Complaint having come on regularly on this, the 29th day of July, 1964, pursuant to a Stipulation entered into by, between and among the above named parties acting by and through their respective counsel, and the Plaintiffs having presented their case, and thereafter Intervening Defendant, VERN V. CYR, acting by and through his counsel, having moved the Court to dismiss the Complaint for Injunction on the grounds that said Complaint failed to state a claim upon which relief could be granted, and counsel for said Intervening Defendant having argued the matter to the Court in support of said Motion to Dismiss and thereafter the matter having been submitted and the Court having considered the same, upon good cause appearing therefor;

IT IS HEREBY ORDERED that said Complaint for Injunction be, and the same is hereby dismissed."

A notice of appeal dated August 18, 1964 was filed August 27, 1964 which states:

"NOTICE IS HEREBY GIVEN that the plaintiffs hereby appeal to the Supreme Court of the State of Nevada, from the ruling on Motion for Preliminary Injunction entered and filed in the above entitled court on the 29th day of July, 1964, wherein the Motion for Preliminary Injunction of plaintiffs was denied.

"This appeal is taken both on questions of law and fact."

Said notice of appeal makes no reference to that part of the judgment which dismisses the complaint for injunction.

Respondent Vern V. Cyr has filed a motion herein to dismiss the appeal contending (1) that the district court's order dismissing appellants' complaint is a final adjudication from which it is now too late to appeal

(2) appellants' notice of appeal does not appeal from the district court's order dismissing the complaint (3) the dismissal of the complaint vitiated any basis for the issuance of an injunction, and when the order dismissing the complaint became final upon expiration of the appeal period the question of the propriety of an injunction became moot.

If we assume that the order constitutes a denial of the motion for preliminary injunction and also the granting of the motion to dismiss the complaint, appellants by their notice of appeal have not appealed from that part of the order which dismisses the amended complaint. NRCP 73(b) provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken."

Under this rule we said in Reno Newspapers, Inc. v. Bibb, 76 Nev. 332, 353 P.2d 458: "Only those parts of the judgment which are included in the notice of appeal shall be considered by the appellate court." We therefore are precluded from considering the validity of the order dismissing the complaint.

Under NRCP 72(b)(2) an order refusing to grant a preliminary injunction is appealable but in view of the dismissal of the complaint, the existence of which is necessary to permit the granting of an injunction, the question of the propriety of an injunction became moot.

The motion to dismiss the appeal is granted. Appeal dismissed.