CHARMICOR, INC., Appellant, v. BRADSHAW FINANCE COMPANY, UNITED SECURITY COMPANY, UNITED MORTGAGE COMPANY, DAVID P. BOYER, HAROLD H. WEISS, Trustee for DOROTHY WEISS, and JOHN ROE I, II, III and IV, and PAUL HORN, Respondents.

No. 8051

May 26, 1976 550 P.2d 413

[Rehearing denied June 23, 1976]

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Brown & Deaner,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

Charmicor, Inc., purchased several parcels of realty in Las Vegas giving as part payment a promissory note secured by a deed of trust. Ultimately, default occurred and the trustee was

instructed to dispose of the property pursuant to the provisions of NRS 107.080.

Charmicor commenced these proceedings in an attempt to enjoin the trustee's sale on grounds which included the allegation that Nevada's scheme of nonjudicial foreclosure violated principles of due process and equal protection. A temporary restraining order was obtained and expired without an extension or an attempt to obtain a preliminary injunction. The trustee's sale was held and the property disposed of in full compliance with the provisions of NRS 107.080. Appellant later moved for a preliminary injunction which motion was denied on the grounds of mootness.

Thereafter, appellant filed motions which are the subject of this appeal: A motion for the appointment of a receiver and a motion for summary judgment seeking, *inter alia,* a declaration that NRS 107.080 was unconstitutional. Both motions were denied.

After petitioning this court for a writ of mandamus, which we denied, appellant brought this appeal from the order that denied both of the aforementioned motions.

1. We are without jurisdiction to entertain appellant's appeal from the district court's denial of its motion for summary judgment. NRAP Rule 3A(b)(5) is explicit.

"No appeal may be taken from an order of a district court denying a motion for summary judgment; however such an order may be reviewed by the Supreme Court in an original proceeding in mandamus when from the record it appears that it is the duty of the district court to enter summary judgment."

Appellant's recourse is to complete the proceedings pending in the district court and to appeal that judgment if it be adverse.

Many issues of fact remain to be resolved in this case. We would be remiss if we chose to rule on the constitutionality of Nevada's nonjudicial foreclosure statute (as appellant urges) without a concise factual foundation.

Furthermore, appellant has failed to properly present the constitutional issues to us. Its notice of appeal specifies that exception is taken to the district court's denial of the motion for appointment of a receiver but nowhere mentions that exception is also taken to the denial of the motion for summary judgment. NRAP Rule 3(c) states:

"The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

"Only those parts of the judgment which are included in the notice of appeal will be considered on appeal." Reno Newspapers v. Bibb, 76 Nev. 332, 335, 353 P.2d 458, 459 (1960). See also, Manzonie v. State ex rel. DeRicco, 81 Nev. 53, 398 P.2d 694 (1965).

2. Appellant also maintains that the denial of a receiver was error. NRS 32.010 provides in pertinent part:

"A receiver may be appointed by the court . . . on application of any party whose right to or interest in the property . . . *is probable. . . .*" (Emphasis added.)

At the time appellant moved for the appointment of a receiver, all legal interest of appellant in the property had been terminated by the trustee's sale. The only interest which remained vested in the appellant was a very contingent equitable interest which hinged on the outcome of appellant's constitutional attack on Nevada's nonjudicial foreclosure statute. Under circumstances apparent to the district court, Charmicor's prospects for success were considered too slight to warrant the appointment of a receiver. In terms of the relevant statute, it was not "probable" that Charmicor had a "right to or interest in the property." We are not satisfied from an examination of the record on appeal that this determination by the trial court was the result of an abuse of discretion. See Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833 (1954); Peri-Gil Corp. v. Sutton, 84 Nev. 406, 442 P.2d 35 (1968).

Although appellant alludes to many facts in its brief which suggest that the property in question is suffering from waste, those facts are substantiated nowhere in the record before us. The record is void of any evidentiary matter proffered to the court below in support of appellant's motion for the appointment of a receiver. See Voorheis-Trindle Co. v. Boyd, 84 Nev. 654, 447 P.2d 36 (1968). We must therefore honor the presumption that a judgment is valid if it is regular on its face. Moore v. Cherry, 90 Nev. 390, 528 P.2d 1018 (1974). Error must be shown affirmatively before an order or judgment will be reversed. See, e.g., Schwartz v. Stock, 26 Nev. 128, 65 P. 351 (1901).

The order denying the appointment of a receiver is affirmed

and the purported appeal on the issue of the constitutionality of Nevada's nonjudicial foreclosure statute is dismissed.

Dismissed in part and affirmed in part.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.