NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TAE-SI KIM; et al., | No. 12-15959 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-02008-PMP-GWF |
| v. | |
| ADAM B. KEARNEY; et al., CHARLES M. DAMUS, Esq.; et al., | MEMORANDUM[*] |
| Defendants, | |
| And | |
| CUMORAH CREDIT UNION, a Nevada non-profit corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted November 8, 2013[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS, BLACK[***], and IKUTA, Circuit Judges.

Tae-Si Kim & Jin-Sung Hong appeal from the district court's grant of summary judgment in favor of Cumorah Credit Union in Kim & Hong's action alleging quiet title and slander of title claims that stem from Cumorah's foreclosure of a piece of property. We have jurisdiction under 28 U.S.C. § 1291.

We affirm the district court's decision that Kim & Hong's quiet title claim was untimely. It was not filed within the statutorily specified 90 day window. Under Nevada law, a foreclosure sale "vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption." Nev. Rev. Stat. § 107.080(5).  In order to set aside a foreclosure sale, plaintiffs must commence an action within 90 days of the date of the sale. Nev. Rev. Stat. Ann. § 107.080 (5)

The foreclosure sale occurred on April 13, 2009. Kim & Hong filed a complaint on October 15, 2009, after expiration of the required 90 day window. They argue that N.R.S. § 107.080 only covers quiet title claims by the actual debtor and does not include quiet title claims by a non-debtor/mortgagee. The statute

---

[***]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

states, however, that a foreclosure sale "vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption." N.R.S. § 107.080(5). Thus, the statutory text does not support this distinction. Nevada courts have interpreted this language to hold that a foreclosure sale terminates all other legal and equitable interests in the land. *Charmicor, Inc. v. Bradshaw Fin. Co.*, 92 Nev. 310, 313, 550 P.2d 413 (Nev. 1976) (legal interest); *McCall v. Carlson*, 63 Nev. 390, 406-07, 172 P.2d 171 (Nev. 1946) (equitable interest). Plaintiffs failed to file their claim within the required 90 day period as necessary to preserve their interest.

We affirm the district court's decision that Kim & Hong's slander of title claim fails. They were not good faith purchasers of the foreclosed property. Under Nevada law, a slander of title claim requires that a plaintiff "establish that the words spoken were false, that they were maliciously spoken, and that the plaintiff sustained some special pecuniary damages as a direct and natural result of their having been spoken." *Summa Corp. v. Greenspun*, 96 Nev. 247, 254, 607 P.2d 569, 573 (Nev. 1980). Kim & Hong argue that their status as good faith purchasers means that various statements made by Cumorah during the foreclosure were falsehoods.

They, however, were not good faith purchasers. They had actual notice of Cumorah's interest in the land. Under Nevada law, a subsequent purchaser of a property is not a purchaser in good faith if he or she has either actual or constructive notice "of an interest in the land superior to that which he is purchasing" and is "not entitled to the protection of the recording act." *Allison Steel Mfg. Co. v. Bentonite*, *Inc.*, 86 Nev. 494, 499, 471 P.2d 666, 669 (Nev. 1970). Actual notice is determined based on the knowledge of the proposed bona fide purchaser prior to actual payment. *Moore v. De Bernardi*, 47 Nev. 33, 220 P. 544, 547 (Nev. 1923). Kim & Hong had actual notice of Cumorah's instrument prior to their exercise of the purchase option as evidenced by the FATCO documentation and their questioning of Kearney about the status of the loan. Cumorah's statements made during the foreclosure process were not falsehoods since Kim & Hong were not purchasers in good faith.

Kim & Hong also argue that Cumorah's failure to respond to the first amended complaint constituted an admission of all of the allegations contained in that complaint. This argument was not raised before the district court and is therefore waived. *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986).

**AFFIRMED.**

4