**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLESTON ASSOCIATES, LLC, | No. 13-16698 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-2023-MMD-PAL |
| v. | |
| CITY NATIONAL BANK, and RA SOUTHEAST LAND COMPANY, LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted November 17, 2015
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,[**] Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Appellant Charleston Associates, LLC ("Charleston") filed an adversary proceeding in bankruptcy court against Appellees City National Bank ("CNB") and RA Southeast Land Company, LLC ("RA Southeast"), seeking a declaration that it owned the Declarant's Rights associated with a forty-one-acre parcel of land in Las Vegas, Nevada. The bankruptcy court entered summary judgment in favor of Charleston. On appeal, the district court concluded that Charleston had retained possession of the Declarant's Rights until 2007, at which point the Declarant's Rights transferred to CNB via a Trustee's Sale executed pursuant to a Charleston-CNB Settlement Agreement. Accordingly, the district court reversed the judgment of the bankruptcy court and remanded with instructions for the bankruptcy court to award summary judgment in favor of CNB and RA Southeast. Charleston now appeals. For the reasons stated below, we affirm the judgment of the district court.

**1.** We review "*de novo* the district court's decision on an appeal from a bankruptcy court." *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). Accordingly, we apply the same standard of review as the district court applied and give no deference to the decision of the district court. *Id.* "The bankruptcy court's findings of fact are reviewed for clear error." *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). This means we accept the bankruptcy court's findings of fact unless we are "left with the definite and firm conviction that a mistake has been

committed." *Id.* (quoting *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)). Mixed questions of law and fact and conclusions of law are reviewed *de novo*. *Id.*

**2.** The district court correctly determined that Charleston retained possession of the Declarant's Rights into 2007 and pledged the Declarant's Rights to CNB as part of a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust"). While Charleston argues that it transferred the Declarant's Rights to one of its affiliates in 2002 via an oral transfer agreement, the purported oral transfer did not comport with the unambiguous terms of the Grant of Reciprocal Easements and Declaration of Covenants ("REA"), which governs the Declarant's Rights and the development of the forty-one-acre property.

**3.** Section 11.8 of the REA provides that the Declarant's Rights may be transferred "[u]pon sale or transfer by the Declarant of its interest in the Shopping Center with a concurrent or subsequent transfer of its obligations as Declarant to the purchaser or transferee and the purchaser's or transferee's assumption of such obligations . . . ." The REA defines "Shopping Center" as "[a]ll of the real property" covered by the REA. Charleston did not adhere to the requirements of § 11.8 when it purported to transfer the Declarant's Rights with a concurrent conveyance of far less than its interest in all the real property governed by the REA. Because Charleston did not assign the Declarant's Rights subsequently or

3

concurrently to a sale or transfer of its interest in all of the real property governed by the REA, the district court correctly found that Charleston's purported oral transfer of the Declarant's Rights did not comport with the REA and was therefore invalid and unenforceable.

**4.** The district court also correctly determined that the Settlement Agreement executed by Charleston and CNB upon Charleston's default under the Deed of Trust unambiguously provided for the transfer of the Declarant's Rights from Charleston to CNB via a Trustee's Sale.

**5.** The Deed of Trust expressly provided that "[a]ll rights that [Charleston] may have as declarant under any covenants, conditions or restrictions affecting the Property" were included as part of the Trust Estate. And, under the terms of the Settlement Agreement, CNB agreed to "foreclose or cause the occurrence of a deed of trust sale with respect to the Deed of Trust, in accordance with applicable state law." Because the Settlement Agreement is not "susceptible to more than one interpretation," *Shelton v. Shelton*, 78 P.3d 507, 510 (Nev. 2003), and its plain language unambiguously provided for the Declarant's Rights to transfer to CNB via a Trustee's Sale, the district court correctly concluded that Charleston's interest in the Declarant's Rights automatically passed to CNB at the conclusion of the Trustee's Sale, *Charmicor, Inc. v. Bradshaw Fin. Co.*, 550 P.2d 413, 415 (Nev.

1976). We hold, therefore, that the district court properly instructed the bankruptcy court to award summary judgment in favor of CNB and RA Southeast.

**AFFIRMED.**