**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE TRICE,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JP MORGAN CHASE BANK, N.A.; et al.,<br><br>　　　　　Defendants-Appellees. | No. 16-15663<br><br>D.C. No. 2:15-cv-01614-APG-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 14, 2016[**]

Before:　　WALLACE, LEAVY, and FISHER, Circuit Judges.

　　Geraldine Trice appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from foreclosure

proceedings.　We have jurisdiction under 28 U.S.C. § 1291.　We review de novo a

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Trice's fraudulent misrepresentation claim because Trice failed to allege facts sufficient to show that defendants Larsen, Weber and the law firm Smith Larsen & Wixom (the "Attorney Defendants") made false representations to her. *See Bulbman, Inc. v. Nevada Bell,* 825 P.2d 588, 592 (Nev. 1992) (setting forth elements of fraudulent misrepresentation claim under Nevada law).

The district court properly dismissed Trice's claim for civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986 because Trice failed to establish that any of the appellees were acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under 42 U.S.C. § 1983); *Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992) (elements of claim under 42 U.S.C. § 1985(3)); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under [§] 1985.").

The district court properly dismissed Trice's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Trice failed to allege facts

sufficient to state a plausible claim against the Attorney Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (elements of RICO claim).

The district court properly dismissed the RICO claim against defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company as barred by the doctrine of issue preclusion because the claim was predicated on issues that have been resolved against Trice in her prior state court actions against these defendants. *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 997 P.2d 130, 133 (Nev. 2000) ("The general rule of issue preclusion is that if an issue of fact or law was actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties" (citation omitted)).

The district court did not abuse its discretion by dismissing Trice's complaint without leave to amend because an amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (setting forth standard of review and explaining that dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**