# IN THE SUPREME COURT OF THE STATE OF NEVADA

KRISTAL GLASS, AN INDIVIDUAL,
Appellant,
vs.
SELECT PORTFOLIO SERVICING,
INC., AS SERVICING AGENT FOR U.S.
BANK NATIONAL ASSOCIATION, AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST 2006-1
MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-1, A
NATIONAL ASSOCIATION,
Respondent.

No. 78325

**FILED**

JUL 0 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

Chris Peterson took a $650,000 mortgage out against real property he owned, with the loan not becoming due until January 1, 2036. In 2007, Peterson conveyed the property to himself and his wife, Kristal Glass, as joint tenants. In 2008, Peterson defaulted on the loan and Select Portfolio Servicing, Inc., (SPS) recorded a Notice of Default and Election to Sell Under Deed of Trust. Two years later, SPS recorded a Rescission of Election to Declare Default. In March 2012, through Peterson and Glass's divorce, Peterson conveyed the property at issue to Glass via quitclaim deed. Later that year, SPS filed a judicial foreclosure action and the district court granted SPS's motion for summary judgment. The Court of Appeals reversed that decision concluding that because SPS did not have possession of the Adjustable Rate Note (Note), it did not have standing.

20-24370

In 2018, Glass filed the underlying quiet title action. SPS filed a motion for summary judgment, contending that it had found the original Note, which it argued was conclusive proof that a lien existed, and thus, SPS had standing to enforce the Note. Glass opposed SPS's motion and filed her own motion for summary judgment arguing the loan was presumed satisfied and issue preclusion barred SPS from asserting standing to enforce the Note. The district court denied Glass's motion and granted SPS's motion for summary judgment, holding the Deed of Trust remained a valid lien on title to the property. Glass now appeals.

*The loan is not presumed satisfied*

Glass argues that under NRS 106.240, because the loan was accelerated in 2008, the debt secured by the Deed of Trust over Glass's property is presumed satisfied, as more than 10 years has passed. "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 117 Nev. 90, 94, 16 P.3d 1074, 1077 (2001). We conclude NRS 106.240 is inapplicable here because SPS rescinded the Notice of Default.

The parties do not dispute that the Notice of Default accelerated the loan and made the balance immediately due. Thus, this started the ten-year period present in NRS 106.240. However, when SPS later recorded the rescission, this effectively retracted the Notice of Default and restored the parties to the prior status they held before the Notice of Default was filed.[1] *See Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 892, 266 P.3d 602, 606

---

[1]We note that NRS 107.550(3)'s provision that a rescission restores the mortgagee to its former position would clearly resolve this issue, but it is inapplicable here as NRS 107.550(3) was enacted in 2013 and only applies to Notices of Default filed after 2013.

(2011) (concluding that a rescission of a Notice of Default rendered challenges to the Notice of Default moot).

SPS's rescission clearly states that it "does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell." Therefore, by explicitly cancelling this Notice of Default, SPS effectively cancelled the acceleration.[2] In order to accelerate the entire balance due under the Note in the future, SPS would have to record a Notice of Default under NRS 107.080. If it did so, Glass would have an additional 35 days to cure the Note installments in default before the entire balance could be accelerated. *See* NRS 107.080(2)(a)(2). Accordingly, we conclude the district court did not err in finding that the loan was not presumed satisfied.

*SPS is not precluded from litigating the issue of standing*

We conclude that while issue preclusion applies here, because two exceptions to the doctrine also apply, SPS is not barred from asserting standing to enforce the note. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) (explaining that a district court's conclusions of law, including whether issue preclusion is applicable, are reviewed de novo). Issue preclusion applies because the issue of SPS's standing is the same in the previous case and the current case, the decision in the previous case was on the merits and was final, and the parties are clearly in privity. *See LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*,

---

[2]To the extent Glass argues only an affirmative act can cause a deceleration, no such rule has been recognized in Nevada by statute or published opinion, and the rescission here would likely constitute an affirmative act even under Glass's cited persuasive authority. *See Andra R Miller Designs LLC v. US Bank NA*, 418 P.3d 1038, 1044 (Ariz. Ct. App. 2018) (providing that a rescission must include a statement withdrawing the acceleration).

116 Nev. 415, 419, 997 P.2d 130, 133 (2000) (describing the three-part test for issue preclusion).

Nevertheless, there are exceptions to the general rule of issue preclusion. Pursuant to the Restatement (Second) of Judgments § 28 (1982), an issue may be relitigated if "[t]here is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest, . . . or (c) because the party sought to be precluded . . . did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." We conclude both of these exceptions apply. *See U.S. Bank Nat. Ass'n v. Kimball*, 27 A.3d 1087, 1095 (Vt. 2011) (concluding that a mortgage company that previously was unable to prove it had standing to enforce a note was not precluded from later pursuing foreclosure when it was "prepared to prove the necessary elements" because without an adjudication on the underlying indebtedness, a homeowner cannot be relieved of his or her obligation under the note).

SPS claims it now possesses the original note, and therefore, is prepared to prove the necessary elements. Allowing Glass to quiet title to the property, in which there has been no adjudication on the underlying indebtedness, is clearly counter to public interest. Moreover, we conclude that the time-demand, burden, and incentives of a lender seeking to prove standing for purposes of judicial foreclosure differ sufficiently from the lender's position in opposing a quiet title action, such that issue preclusion should not apply. Thus, we conclude the doctrine of issue preclusion does not preclude SPS from asserting it has standing to enforce the Note.

For the reasons discussed above, we conclude the district court did not err in granting SPS's motion for summary judgment.[3] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (stating this court reviews a district court's order granting summary judgment de novo). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Stiglich

cc:    Hon. Mary Kay Holthus, District Judge
       Kern Law, Ltd.
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

---

[3]We have reviewed the parties' remaining arguments and conclude they lack merit.