George Paul SLOUP, Plaintiff-Appellant,

v.

Lewis B. HERSHEY, Director of Selective Service, et al., Defendants-Appellees.

No. 18881.

United States Court of Appeals, Seventh Circuit.

Nov. 22, 1971.

Rehearing Denied April 17, 1972.

Anthony J. Murray, Jr., Chicago, Ill., for plaintiff-appellant.

William J. Bauer, U. S. Atty., Roger H. Dusberger, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel, for defendants-appellees.

Before DUFFY, Senior Circuit Judge, CUMMINGS and PELL, Circuit Judges.

DUFFY, Senior Circuit Judge.

Plaintiff is and was a registrant at Selective Service Local Board No. 106, Berwyn, Illinois. On September 2, 1969, the Board mailed plaintiff an induction order to report on September 29, 1969.

Upon receipt of that order, plaintiff informed the Board of his status as a third year law student in good standing and requested a continuing student deferment, I-S(C), until the end of the 1969–70 school year.

The Board denied the request as did the Illinois State Director of Selective Service. On September 23, 1969, plaintiff filed a complaint in District Court for a declaratory judgment seeking an order in the nature of mandamus, directing Local Board 106 to cancel his induction order, to reopen his I-A classification and to reclassify him I-S(C). Plaintiff also sought to enjoin all defendants from inducting him into the armed forces and asked that the injunction remain in effect until he was reclassified I-S(C). However, before the cause was heard in the District Court, plaintiff's induction was indefinitely postponed by the Illinois State Director of Selective Service.

On September 26, 1969, in an ex parte proceeding, a preliminary injunction was denied by the District Court with plaintiff's agreement, on the premise that plaintiff might be able to administratively resolve his classification without judicial interference. The District Court then ordered the case to be removed from the active court calendar with leave to reinstate the suit within 90 days and with explicit instructions from the Court for the plaintiff to do so if administrative remedies failed. However, the plaintiff failed to reinstate the case within the 90-day period which expired December 28, 1969. Plaintiff then finished law school in June 1970.

Plaintiff was, in fact, allowed a 90-day continuance. The Court's action was obviously designed to give the administrative process a chance to operate without the necessity of premature judicial intervention. There can be no doubt that the Court and the plaintiff so understood it.

On October 22, 1970, plaintiff was ordered to report for induction on November 17, 1970. On November 9, 1970, plaintiff moved the District Court for leave to reinstate his original case and filed a motion to enjoin his induction until the issues were resolved. The District Court denied this motion on the ground that the action had died when plaintiff failed to reinstate it on the court calendar.

In an ex parte proceeding on November 12, 1970, the Court entered a nunc pro tunc order simultaneously reinstating and dismissing plaintiff's suit for want of prosecution, and made said order retroactive to December 28, 1969. On the same date, plaintiff's induction date was again postponed by the Selective Service System. Also, on November 12, 1970, plaintiff filed a notice of appeal to this Court.

Sometime during the month of November 1970, plaintiff filed with the Local Board an application for conscientious objector status. That application was refused by the Board on April 7, 1971, but his classification was not reopened due to a finding that there had been no change in his status over which he had no control.

On May 17, 1971, plaintiff was ordered to report for induction on June 16, 1971. He failed to report alleging illness.

During the 90-day continuance period, plaintiff did not apply either for administrative or judicial relief despite specific warnings by the Court including the responsibility which had been placed on plaintiff to take timely action.

The Government points out that no action was taken by the plaintiff to obtain a reclassification until he filed a belated motion for the reinstatement of his case, nearly eleven months after the December 28, 1969 deadline had expired.

In his brief, plaintiff lists the alleged errors upon which he relies for his appeal as "the trial court erred in refusing to order that appellant's induction order be cancelled" and that "he be classified I-S(C)." Also, that "the trial court later erred in its refusal to order plaintiff classified I-A after his school year had ended" assuming he previously was entitled to a I-S(C) classification.

A registrant's right to the I-S (C) classification was considered by this Court in Robinson v. Hershey, No. 17697, 2 SSLR 3191 (7 Cir., 7/14–7/29/1969). In *Robinson, supra,* we affirmed a District Court ruling that the statutory entitlement to a I-S(C) classification was designed to prevent the interruption of a particular academic year and does not relate to a multi-year course of study. The plaintiff herein received his first induction order on September 2, 1969. While he might have been preparing for his last year of law school, the order for induction did not interrupt a particular academic year in this instance. Therefore, we feel the plaintiff in this case before us was not entitled to a I-S(C) classification.

We hold that plaintiff's failure to reinstate his case within the 90-day period terminated any right he might have had as to reinstatement of the suit. Therefore, the suit was properly dismissed for lack of prosecution.

In our view, the removal of plaintiff's case from the trial calendar with leave to reinstate within 90 days, was a proper exercise of judicial discretion. However, such a practice often makes for confusion and should not be encouraged.

Instead of prosecuting his case for judicial review, plaintiff chose to take advantage of the thirteen month postponement of his induction to complete his legal education. He graduated from law school in June 1970, thereby obtaining the relief that formed the basis for his original pleadings.

"Where parties * * * knowingly and deliberately adopt a course of procedure which at the time appears to be to their best interests, they cannot be permitted at a later time after a decision has been rendered adverse to them, obtain a retrial according to the procedure which they voluntarily discarded and waived." Carruthers v. Reed, 102 F.2d 933, 938 (8 Cir., 1938),

cert. den. 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523.

Due to the postponement of the induction date, the urgency of litigating the merits of plaintiff's case in court apparently disappeared. Therefore, he did not feel compelled to continue with timely litigation, permitting the deadline for reinstatement of his case to expire.

We discussed the power of a trial court to dismiss for a failure to prosecute with reasonable diligence in Sandee Manufacturing Co. v. Rohm & Haas Company, 298 F.2d 41 (7 Cir., 1962), where we stated at page 43:

"No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal."

The Supreme Court has stated that such power is inherent in courts and may be exercised within the bounds of sound judicial discretion, independent of any authority granted under the rules of procedure. Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386, 8 L. Ed.2d 734 (1962).

We hold the trial court correctly denied plaintiff's belated motion for reinstatement of his case, made nearly eleven months after the judicially imposed deadline expired. The subsequent dismissal of this case was well within the discretion of the trial court when the plaintiff failed to reinstate his suit within a judicially imposed deadline.

The Government argues that plaintiff's notice of appeal was filed too late. However, in view of the unusual and somewhat informal court procedure which was followed in this case, we are assuming the notice of appeal was timely, and we have decided to pass upon the merits of this case and, if possible, put an end to this protracted litigation.

The judgment of dismissal by the District Court is

Affirmed.