AMOS MOORE AND BEATRICE MOORE, APPELLANTS,
v. JACK C. CHERRY, M.D., RESPONDENT.

No. 7309

December 2, 1974                    528 P.2d 1018

*Charles L. Kellar,* of Las Vegas, for Appellants.

*Rose, Norwood and Edwards,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On May 12, 1971, appellants filed a complaint alleging a cause of action for medical malpractice. Respondent answered, and on June 8, 1971 filed objections to the setting of the case on the trial docket because he had not had sufficient time in which to complete discovery. On June 9, 1971 appellants filed their note for trial docket requesting that the case be set for trial. The record is silent on the disposition of respondent's objections to, or appellants' request for a setting of the case for trial; however, on November 13, 1972 appellants filed another note for trial docket, again requesting that the matter be set for trial.

Although the record contains no specific order of the district court setting the case for trial, the judgment of dismissal recites that notice of the trial setting had been duly made pursuant to order, and that the attorneys for the parties had been properly notified.[1] Appellants do not contend that they

---

[1]Judgment entered February 9, 1973, reads in pertinent part: "JUDGMENT OF DISMISSAL WITH PREJUDICE: The above entitled matter came on for hearing on Monday, February 5, 1973, at the hour of 9:15 a.m. before the Honorable William P. Compton, Master Calendar Judge of the Eighth Judicial District Court.

"Said notice of trial setting having been duly made by the Master Calendar Clerk pursuant to the Order of the Master Calendar Judge and the attorneys for the various parties having been notified pursuant to the Rules of the Eighth Judicial District Court and of Nevada Civil Procedure.

"The Master Calendar Clerk announcing the case for trial and

were not notified or that they were unaware of the trial setting on February 5, 1973.

The judgment of dismissal indicates that on February 5, 1973, neither the appellants nor their counsel were present when the case was called for trial. Respondent and his attorney were present and announced that they were ready for trial. The trial court then noted the absence of appellants and their attorney from the courtroom and the courthouse, and that no motion for a continuance had been filed. At that time, respondent, in support of a motion to dismiss, made statements under oath, and his attorney presented arguments to the district court. On February 6, 1973, the district court entered its judgment of dismissal with prejudice. NRCP 41 (b).[2]

Appellants filed a timely motion pursuant to NRCP 59[3]

---

assigning the said Case to Department Ten of the Eighth Judicial District Court for a trial thereof.

"Department Ten of the Eighth Judicial District Court receiving the matter and the Court convening at the hour of 10:00 o'clock a.m. on Monday, February 5, 1973, and the defendant and his attorney, Lee R. Rose of the firm of ROSE, NORWOOD & EDWARDS, Ltd., being present and announcing themselves ready for trial and the Plaintiffs and their attorneys not being present and it being determined by the Court that neither the plaintiffs nor their attorneys were present in the Courtroom or in the Courthouse and the Court further examining the file and finding that no motion for a continuance as required by the Nevada Rules of Civil Procedure and the District Court Rules, and further the Court having considered that the Plaintiff not being present has failed to submit a prima facie case and the Court considering further arguments of the Defendant's counsel and hearing statements from the Defendant under oath it is hereby

"ORDERED that the above entitled case be dismissed with prejudice."

[2]Nevada Rules of Civil Procedure 41(b) provides in pertinent part: "For failure of the plantiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . ."

[3]Nevada Rules of Civil Procedure 59(a)(b)(c) reads as follows:

"(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds materially affecting the substantial rights of an aggrieved party: (1) Irregularity in the proceedings of the court, jury, master, or adverse party, or any order of the court, or master, or abuse of discretion by which either party was prevented from having a fair trial; (2) Misconduct of the jury or prevailing party; (3) Accident or surprise which ordinary prudence could not have guarded against; (4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial; (5) Manifest disregard by the jury of the instruction of the court; (6) Excessive damages appearing to have been given under the

requesting that the judgment of dismissal be set aside and that a new trial be granted. Their motion was supported by an affidavit of their attorney. Affidavits in opposition to the motion were filed by respondent's attorney. After a hearing on the motion it was denied.

Appellants have timely filed their notice of appeal from the order denying their motion for a new trial and from the judgment of dismissal.

The threshold question is whether the district court so abused its discretion in denying appellants' motion for a new trial, that reversal is mandated.

Inherent in courts is the power to dismiss a case for failure to prosecute or to comply with its orders. To prevent undue delays and to control their calendars, courts may exercise this power within the bounds of sound judicial discretion, independent of any authority granted under statutes or court rules. Sloup v. Hershey, 457 F.2d 148 (7th Cir. 1971), rehearing denied April 17, 1972; Sheaffer v. Warehouse Emp. Union, Local No. 730, 408 F.2d 204 (D.C. Ct. of App. 1969), cert. denied 395 U.S. 934 (1969); Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948); Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963); Volpert v. Papagna, 85 Nev. 437, 456 P.2d 848 (1969).

However, dismissal with prejudice is a harsh remedy to be utilized only in extreme situations. Theilman v. Rutland Hospital, 455 F.2d 853 (2nd Cir. 1972); Pond v. Braniff Airways, 453 F.2d 347 (CA. 5th Cir. 1972). It must be weighed against the policy of law favoring the disposition of cases on their merits. Richman v. General Motors Corp., 437 F.2d 196

---

influence of passion or prejudice; or, (7) Error in law occurring at the trial and objected to by the party making the motion. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

"(b) *Time for Motion.* A motion for a new trial shall be served not later than 10 days after service of written notice of the entry of the judgment.

"(c) *Time for Serving Affidavits.* When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits."

(CA. 1st Cir. 1971). Because dismissal with prejudice "is the most severe sanction that a court may apply . . . its use must be tempered by a *careful* exercise of judicial discretion." Durgin v. Graham, 372 F.2d 130, 131 (CA. 5, 1967). (Emphasis in reported case.)

In keeping with the trend to adjudicate a case on its merits rather than by summary procedures, the trial judge in this case could have assessed lesser penalties against appellants and their attorney and granted their motion for a new trial. However, on appeal we are limited to the narrow question of whether the trial judge abused his discretion by denying the motion. Williams v. Kroger Food Company, 208 N.W.2d 549 (Mich-App. 1973).

At the time counsel for appellants had filed the second request for a trial setting, he had already planned and scheduled a vacation out of the country. When he learned that the trial was set for February 5, 1973, and realized that he would be away on vacation, he discussed that fact with respondent's counsel. In his affidavit appellants' counsel alleges that respondent's counsel agreed to a continuance of the matter. This was categorically denied by respondent's counsel.

In his affidavit, appellants' attorney further stated that he had written a letter to all the clerks of the courts and judges informing them that he would be away from the country on vacation when this case was calendared for trial. This procedure was of no force and effect. DCR 21(1)[4] requires that all motions for continuances of causes shall be made on affidavit. An *ex parte* letter to the court clerk or district judge will not do.

Where a party has been accurately notified of the time and place of a hearing, his failure to appear amounts to failure to prosecute, and is a proper ground for dismissal. Link v. Wabash Railroad Company, 370 U.S. 626 (1962). See also, Esteva v. House of Seagram, Inc., 314 F.2d 827 (CA. 7, 1963). In *Link,* the United States Supreme Court, approving a district court's dismissal where counsel had failed to attend a pre-trial conference, said: "Whether such an order can stand on appeal depends not on power [to dismiss] but

---

[4]District Court Rule 21(1) provides: "All motions for the continuance of causes shall be made on affidavit."

whether it was within the permissible range of the court's discretion." Id. at 633.

In Sweeny v. Anderson, 129 F.2d 756, 758 (CA. 10, 1942), it was stated: "The elimination of delay in the trial of cases and the prompt dispatch of court business are prerequisites to the proper administration of justice. These goals cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion." See Samber v. Chris Berg, Inc., 394 P.2d 81 (Alas. 1964); Banta v. Serban, 121 N.W.2d 854 (Mich. 1963); Cunningham v. United States, 295 F.2d 535 (CA. 9th 1961).

The element necessary to justify dismissal for failure to prosecute is lack of diligence on the part of the plaintiff, whether individually or through counsel. Here appellants' counsel knew that the district court had ordered the trial to proceed on February 5, 1973, and that this date conflicted with his vacation plans. He was not without a remedy. At the very least, he could have moved for a continuance, supported by an affidavit; instead he ignored the district court's order and the rules of court, and proceeded on vacation.

Appellants' counsel further contends that appellants knew nothing about the fact that the trial had been set for February 5, 1973, and that they should not be penalized for the neglect of their counsel.

A similar contention was made in Link v. Wabash Railroad Company, supra, and the High Court said: "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent, and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' "

Although a number of cases have been reversed[5] where the appellate court found that the trial court had abused its discretion in ordering a dismissal, in none of those cases was the conduct of the plaintiff or counsel as cavalier in the disregard of rules of court or court orders. Therefore, under the circumstances of this case, we find that the district court did not abuse its discretion in denying appellants' motion for a new trial.

In their appeal from the judgment of dismissal, appellants have failed to assign any error or point to any error in the record, or present any argument to show that the judgment should be reversed.

Appellants have attempted to file a statement of the evidence pursuant to the provisions of NRAP 10(c) (formerly NRCP 75(n)), but there is nothing to indicate that the statement was ever submitted to the district court for settlement and approval. We must therefore, because appellants failed to comply with NRAP 10(c) (formerly NRCP 75(n)), refuse to consider it as a part of the record on appeal.

The judgment recites that the district court considered the statements of the respondent under oath, and the argument of his counsel, and found that appellants had failed to present a prima facie case. The judgment is regular on its face and nothing to the contrary appears in the record. Therefore it is entitled to a presumption of regularity and validity and we affirm. Nesbitt v. Chisholm, 16 Nev. 39 (1881); Schwartz v. Stock, 26 Nev. 128, 143, 65 P. 351 (1901); Searchlight Dev. Inc. v. Martello, 84 Nev. 102, 437 P.2d 86 (1968).

---

[5]Brown v. Thompson, 430 F.2d 1214 (CA. 5, 1970), where the district court had refused plaintiffs access to crucial evidence and were unable to prove their case at the time it was set for trial; McCombs v. Pittsburgh-Des Moines Steel Company, 426 F.2d 264 (CA. 10, 1970), where a key witness for the plaintiff had suffered a kidney stone ailment on the Saturday night before the Monday trial date and was hospitalized; Troxler v. Holohan, 451 P.2d 662 (Ariz.App. 1969), where proper notice of the time and place of trial had not been given to plaintiff's attorney; Earl v. Lawrence, 315 N.Y.S.2d 979 (1970), where plaintiff's attorney who was otherwise ready for trial had requested one hour's respite to attend a luncheon of which he was a host. See also Durham v. Florida East Coast Railway Company, 385 F.2d 366 (CA. 5th, 1967).

The judgment of dismissal with prejudice and the order denying a new trial are affirmed.

Thompson, C. J., and Mowbray, Gunderson, and Zenoff, JJ., concur.