## SAM K. ESWORTHY, Appellant, v. CHARLES K. WILLIAMS, Respondent.

No. 14577

March 30, 1984                                    678 P.2d 1149

*William A. Maddox,* District Attorney, and *Robert B. Walker, Jr.,* Deputy District Attorney, for Appellant.

*Stephen Mark Stephens,* for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order dismissing an action with prejudice. Appellant and respondent were divorced in Clark County in 1967. Appellant was awarded custody of the four children of the parties, and respondent was ordered to make monthly child support payments. Appellant subsequently filed an action in the Eighth Judicial District Court, Clark County, pursuant to NRS Chapter 130, the Uniform Reciprocal Enforcement of Support Act (URESA). Venue was later changed to the First Judicial District Court, Carson City, and the Carson City District Attorney became counsel for appellant. *See* NRS 130.130.

Although the parties filed a written stipulation indicating that respondent owed $9,000 in child support arrearages, negotiations for repayment of the arrearages proved fruitless. Eventually, on August 3, 1982, a Deputy District Attorney, acting as counsel for appellant, filed a Notice of Setting. The parties' counsel then appeared in court and set a date of October 19, 1982, for a hearing on the URESA action.

The Deputy District Attorney omitted to put the date of the hearing on his calendar, and he made a doctor's appointment for that same day. Although the District Attorney's office has a standard procedure whereby that office compares its calendar with the district court's calendar to ensure that all deputy district attorneys make their court appearances, the discrepancy was not discovered. On October 19, 1982, respondent and his counsel appeared in court. Neither appellant nor her counsel appeared. The district court dismissed the action with prejudice. Appellant subsequently made a motion under NRCP 60(b) to vacate the dismissal. The motion was denied and this appeal followed.

The only issue in this case is whether the district court abused its discretion by dismissing the action. A trial court may dismiss an action for failure to comply with the rules or orders of the court. NRCP 41. In addition, the court has inherent power, independent of statute or court rule, to dismiss a case for failure to prosecute or to comply with its orders. The court may exercise this power within the bounds of sound judicial discretion. Moore v. Cherry, 90 Nev. 390, 393, 528 P.2d 1018, 1020 (1974).

When a party has been accurately notified of the time and

place of a hearing, the party's failure to appear may amount to failure to prosecute and may be a proper ground for dismissal. *Id.* at 394, 528 P.2d at 1021. Nevertheless, lack of diligence is necessary to justity dismissal for failure to prosecute. *Id.* at 395, 528 P.2d at 1022. Dismissal with prejudice is a harsh remedy which should be utilized only in extreme situations. *Id.* at 393, 528 P.2d at 1021.

In`the present case, respondent had stipulated that the child support payments were past due, and the only apparent question remaining to be litigated was the enforcement and collection of those payments. There was little, if any, prejudice to respondent caused by the Deputy's failure to appear. Furthermore, the Deputy's failure to place the hearing date on his calendar was inadvertent and, at most, merely neglectful. Had it not been for a breakdown in the internal procedures used by the District Attorney's office, the error would have been discovered and rectified before the hearing. Finally, the record does not support respondent's argument on appeal that appellant and her counsel otherwise failed to use due diligence in pursuing the URESA claim.

Under these circumstances, we hold that the district court abused its discretion by dismissing the action. We therefore reverse the dismissal and we remand this case for further proceedings.[1]

---

[1]At oral argument we were informed that respondent recently died. Counsel stipulated that substitution of respondent's estate will be accomplished in the district court upon remand.