MAUREEN ANNE WALLS, APPELLANT, v.
SHARON J. BREWSTER, RESPONDENT.

No. 25895

February 29, 1996                           912 P.2d 261

*Hamilton and Lynch,* Reno, for Appellant.

*Lemons, Grundy & Eisenberg* and *Alice G. Campos,* Reno, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant Maureen Anne Walls brought suit against respondent Sharon Brewster for injuries resulting from a minor automobile accident. The case was referred to arbitration. Walls failed to complete arbitration on the case within one year of the appointment of an arbitrator, and Brewster filed a motion to dismiss pursuant to the Nevada Rules of Arbitration. Brewster's motion went unopposed, and the district court dismissed Walls' case. The court also denied Walls' motion to vacate, alter, or amend the order granting the motion to dismiss.

We conclude that the district court's order dismissing the case was proper. We further conclude that the district court's denial of the motion to vacate, alter, or amend the order granting the motion to dismiss was proper.

### FACTS

This case arises from an automobile accident between Walls and Brewster. Walls hired attorneys Vivian Lynch and David Hamilton, who were partners, and filed a complaint on July 6, 1992. Lynch signed the complaint, but all other mailings and documents were addressed to and signed by Hamilton. After an extension was granted, the answer was filed on November 5, 1992.

The case was ordered into court annexed arbitration, and an arbitrator was appointed on February 10, 1993, and the date for arbitration was set for July 15, 1993. Due to several discovery disputes, the arbitration was delayed until September 21, 1993. The arbitration proceeded on that day, and Walls gave partial

testimony. However, due to additional evidentiary disputes, the arbitration was continued until February 4, 1994, with the intention of concluding the arbitration by February 9, 1994, which was within one year from the date of the appointment of the arbitrator.

Hamilton was unable to attend the February 4, 1994 arbitration due to a severe respiratory infection. Hamilton informed the arbitrator of his illness, and the arbitration was again continued. As a result, the arbitration did not conclude by February 9, 1994, and on February 16, 1994, Brewster filed a motion to dismiss in district court based upon the fact that the arbitration had not taken place within one year of the date that the district court appointed the arbitrator.

Brewster claimed that she contacted Hamilton prior to submitting the motion to dismiss and that Hamilton stated that Lynch was handling the matter but was busy with another case at the moment. Brewster granted Walls an extension until March 5, 1994, to file the opposition, and when an opposition was not filed by this date, Brewster again contacted Hamilton for an explanation. Hamilton stated that Lynch had been severely ill and bedridden for several weeks with congestive heart failure and, as such, was not able to prepare the motion. Given this information, the time for opposition was extended until March 28, 1994.

In mid-March, Lynch was released by her physician to work part time. She expected to complete the opposition motion prior to the March 28 deadline; however, shortly after her release, she suffered a relapse of her heart condition, was confined to bed rest for one month, and was unable to work. Hamilton stated that he tried to reach Brewster to obtain a short extension so that he could file the motion himself but that he was unable to reach opposing counsel before the motion was submitted to the court.

On April 8, 1994, the district court, citing NAR 12(B),[1] entered an order granting Brewster's motion to dismiss. Additionally, the district court stated that, pursuant to NAR 22(A),[2] the dismissal was with prejudice because Walls had waived her right to a trial de novo.

Walls filed a motion to vacate, alter, or amend the district court order, claiming that the failure to file an opposition was the result

---

[1]NAR 12(B) states, in pertinent part, that "[a]ll arbitration hearings must take place within one year of the date that the district court appoints the arbitrator."

[2]NAR 22(A) states:

The failure of a party or an attorney to either prosecute or defend a case in good faith during the arbitration proceedings shall constitute a waiver of the right to request a trial de novo.

of excusable neglect. The trial court denied this motion, stating that Lynch's illness may have constituted excusable neglect but that there was no valid claim of excusable neglect as to Hamilton who was not ill and who could have filed the opposition.

## DISCUSSION

The Court Annexed Arbitration Program was established to "provide a simplified procedure for obtaining a prompt and equitable resolution of certain civil matters." NAR 2(A). In order to assure the prompt resolution of civil matters, "[a]ll arbitration hearings must take place within one year of the date that the district court appoints the arbitrator." NAR 12(B).

After the February 4, 1994 arbitration was continued past February 9, 1994, Brewster filed her motion to dismiss, and Walls had ten days to respond. DCR 13(3); WDCR 12(2). Walls received two extensions of time within which to file the opposition; however, no opposition was filed prior to the deadline.

"Failure of the opposing party to serve and file his written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same." DCR 13(3). We conclude that it was proper for the district court to construe Walls' failure to respond to Brewster's motion to dismiss as an admission that the motion was meritorious and as a consent to grant the motion.

Additionally, we conclude that the district court did not abuse its discretion when it dismissed Walls' case with prejudice. "'Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion.'" Moore v. Cherry, 90 Nev. 390, 395, 528 P.2d 1018, 1021 (1974) (quoting Sweeny v. Anderson, 129 F.2d 756, 758 (10th Cir. 1942)). This power to dismiss a case exists independent of any authority granted under the statutes or court rules. *Id.* at 393, 528 P.2d at 1020.

"The element necessary to justify dismissal for failure to prosecute is lack of diligence . . . whether individually or through counsel." *Id.* at 395, 528 P.2d at 1022. In this case, evidence showed that in late February, before she became ill, Lynch could have prepared the opposition but was instead occupied by another case. Furthermore, Hamilton had requested two extensions,

which gave him an additional six weeks to prepare and file the opposition; yet, without explanation, he failed to file the opposition by the March 28, 1994 deadline. This evidence shows a lack of diligence to expedite the case to a final determination, and therefore it was not an abuse of discretion for the district court to dismiss Walls' claim with prejudice.[3]

Finally, we conclude that the district court did not abuse its discretion in denying Walls' motion to vacate, alter, or amend the order of dismissal. Evidence showed that Lynch's illness may have been the basis for a claim of excusable neglect as the cause for her failing to file the opposition, but no such excuse extended to Hamilton. He provided no explanation for his failure to file the opposition, and therefore the district court properly denied the motion.

## CONCLUSION

The district court's order granting Brewster's motion to dismiss with prejudice was proper because Walls did not diligently oppose that motion. Furthermore, the district court's denial of Walls' motion to alter, vacate, or amend the order granting the motion to dismiss was proper because there was no showing of abuse of discretion by the district court. Accordingly, we affirm the district court's order dismissing Walls' action with prejudice.

---

[3]In the April 8, 1994 order dismissing Walls' claim with prejudice, the district judge stated that she was dismissing the claim with prejudice pursuant to NAR 22(A).

This ruling was incorrect given the fact that there was no evidence that Walls failed to prosecute the arbitration in good faith. The record shows that the delays in the arbitration were due to evidentiary disputes and the failure to conduct the arbitration on February 4, 1994, was due to Hamilton's illness. These factors do not amount to bad faith under NAR 22(A) which constitutes a waiver of Walls' right to request a trial de novo.

However, because this court has determined that Hamilton was not diligent in opposing the motion to dismiss and that the action could be dismissed with prejudice upon that basis, the district court's error is harmless. *See* Matos v. State, 110 Nev. 834, 837, 878 P.2d 288, 290 (1994).