# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE LINDBLADE
FAMILY TRUST AGREEMENT, AS
AMENDED, U/D/T JUNE 26, 1991.

No. 78570

MICHAEL LINDBLADE,
Appellant,
vs.
RANDAL S. KUCKENMEISTER, CPA,
TRUSTEE OF THE LINDBLADE
FAMILY TRUST,
Respondent.

**FILED**

JUL 3 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss for failure to comply with a district court order. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Appellant Michael Lindblade filed a petition alleging that the third amendment to the Lindblade Family Trust was the result of undue influence or fraud. Respondent Randal Kuckenmeister, the trustee, moved for dismissal. Kuckenmeister argued that the petition failed to provide a time frame or state with particularity the details constituting any alleged fraud, which is required under NRCP 9(b), and that Lindblade failed to name Kuckenmeister as a defendant, which is required under NRS 164.015(3). The district court continued the matter, giving Lindblade over two months to correct the deficiencies in his petition and timely serve all interested parties with an amended petition. Lindblade failed to name Kuckenmeister as a defendant and he failed to timely serve all interested

20-28042

parties, thereby failing to comply with the district court's order. The district court then dismissed Lindblade's petition with prejudice. Lindblade appeals, arguing that under NRS 164.015(4), the district court was required to try his petition contesting the validity of the trust. We disagree.

The proper construction of a statute is a question of law that this court reviews de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). "[W]hen a statute's language is clear and unambiguous, the apparent intent must be given effect, as there is no room for construction" unless doing so would lead to "meaningless or unreasonable results." *Edgington v. Edgington*, 119 Nev. 577, 582-83, 80 P.3d 1282, 1286-87 (2003) (citations omitted). "When construing a specific portion of a statute, the statute should be read as a whole, and, where possible, the statute should be read to give meaning to all of its parts." *Bldg. & Constr. Trades Council v. Pub. Works Bd.*, 108 Nev. 605, 610, 836 P.2d 633, 636 (1992) (citation omitted).

Lindblade relies upon NRS 164.015(4) to argue that the district court was required to try his petition. NRS 164.015(4) states that a petition alleging "fraud or undue influence at the time of execution of the will" presents "a question of fact and must be tried by the court." However, NRS 164.015(3) provides that a petition contesting the validity of a trust "constitutes a pleading and *must* conform with any rules applicable to pleadings in a civil action." (Emphasis added). Lindblade's proffered construction of NRS 164.015(4) ignores other parts of the statute and we decline to adopt such an approach. Rather, we conclude that NRS 164.015, when read as a whole, requires a petitioner to comply with all controlling procedural rules before he or she is entitled to a trial. Accordingly, we

SUPREME COURT
OF
NEVADA

(O) 1947A

2

conclude that the district court was not compelled to try Lindblade's petition unless he complied with controlling procedural rules.

The district court's order gave Lindblade an opportunity to provide more details in support of his allegations of fraud and to properly name Kuckenmeister as a defendant. Additionally, the district court ordered Lindblade to serve his amended petition at least 30 days before the next hearing on the matter. Lindblade failed to name Kuckenmeister as a defendant and he failed to timely serve his amended petition. He offers no argument as to why he was not required to comply with the district court's order. A district court has inherent authority to dismiss a case for failure to comply with its orders. *Moore v. Cherry*, 90 Nev. 390, 393, 528 P.2d 1018, 1020 (1974). "[C]ourts may exercise this power within the bounds of sound judicial discretion." *Id.* (Citations omitted). After review, we conclude that the district court acted within its sound discretion when it dismissed Lindblade's petition for failure to comply with its orders. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Thomas W. Gregory, District Judge
J. Douglas Clark, Settlement Judge
Sekhon & O'Bryant
Allison MacKenzie, Ltd.
Douglas County Clerk