141 Nev., Advance Opinion 68

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EL CORTEZ RENO HOLDINGS, LLC,
Appellant,
vs.
PFPCO.'S NOBLE PIE PARLOR;
NOBLE PIE PARLOR; RYAN
GOLDHAMMER; AND TREVOR
LEPPEK,
Respondents.

No. 87236

**FILED**

DEC 23 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

EL CORTEZ RENO HOLDINGS, LLC,
Appellant,
vs.
PFPCO.'S NOBLE PIE PARLOR, D/B/A
NOBLE PIE PARLOR,
Respondents.

No. 88370

Consolidated appeals from district court orders granting a motion to dismiss and awarding attorney fees and costs in a contract action. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

*Affirmed.*

Womble Bond Dickinson (US) LLP and Daniel F. Polsenberg, Ogonna Brown, and Kory J. Koerperich, Las Vegas; The Siegel Group and Sean D. Thueson, Las Vegas,
for Appellant.

Matuska Law Offices, Ltd., and Michael L. Matuska, Carson City,
for Respondents.

BEFORE THE SUPREME COURT, EN BANC.

25-55887

*OPINION*

By the Court, STIGLICH, J.:

Nevada courts must balance the goal of efficiently adjudicating cases with the preference for deciding those cases on their individual merits. In the ongoing effort to strike that balance, we consider two issues. The first, on the efficiency side, we address whether the district court in the underlying proceeding improperly denied a request for an extension of time to file an opposition to a motion to dismiss for failure to state a claim pursuant to NRCP 12(b)(5). And second, on the merits side, we consider whether the district court erred in granting the motion to dismiss pursuant to DCR 13(3), which permits the district court to treat an unopposed motion as meritorious.

We discern no abuse of discretion in the district court's ruling that good cause did not permit an extension for appellant El Cortez Reno Holdings, LLC, to file the opposition. While facts may change from case to case, rules of procedure are constant. Under the facts here, we cannot say that the district court abused its discretion by enforcing the rules. Therefore, we conclude the district court did not err in rejecting the proposition that a hoped-for 11th-hour extension of time based on professional courtesy amounted to good cause. Next, we conclude that the district court did not abuse its discretion in granting the unopposed motion to dismiss with prejudice under DCR 13(3) or in failing to grant El Cortez's request for leave to amend. Finally, we conclude that the district court did not err in awarding attorney fees. Accordingly, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Respondent PFPCO.'s Noble Pie Parlor, d/b/a Noble Pie Parlor, leased retail space in the El Cortez Hotel in Reno, Nevada, when El Cortez

 

purchased the property. After several uneventful years, the parties' relationship soured. Multiple disputes arose about a gas leak, grease and oil disposal, and a stolen camera outside of the bathrooms used by Noble Pie. The animosity hit a crescendo when El Cortez locked Noble Pie out of the premises. Litigation ensued and proceeded to a bench trial that largely resulted in a favorable ruling for Noble Pie. We affirmed that judgment and the post-judgment award of attorney fees and costs. *See El Cortez Reno Holdings, LLC v. PEPCO.'s Noble Pie Parlor*, Nos. 83704 & 84173, 2022 WL 18003467 (Nev. Dec. 23, 2022) (Order of Affirmance).

Thereafter, Noble Pie announced that it was permanently closing the restaurant. El Cortez, in turn, alleged that Noble Pie was in violation of the agreed-use provision of the lease agreement. This led to El Cortez filing a complaint against Noble Pie. Noble Pie moved to dismiss for failure to state a claim. The district court granted the motion but allowed El Cortez leave to amend the complaint. After Noble Pie ostensibly agreed to extend the filing deadline, El Cortez filed the operative first amended complaint.

Noble Pie once more moved to dismiss. At 4:54 p.m. on the day that El Cortez's response to the motion to dismiss was due, El Cortez's counsel emailed Noble Pie's counsel to request a one-week extension to file its opposition. The email stated, "Our office is starting a trial next week, and things have been really hectic over here" and that "professional courtesy" would be appreciated.

The next morning, El Cortez followed up. Noble Pie responded that the issue is not about professional courtesy because Noble Pie would have considered a timely request. Because Noble Pie deemed the request untimely, it saw no indication of diligence and refused to stipulate. That

same day, El Cortez filed a motion for an extension of time to file an opposition to Noble Pie's motion to dismiss. Less than a week later, El Cortez filed the proposed opposition to Noble Pie's motion to dismiss. Contained within the opposition was a request for leave to amend.

At the motion hearing, the district court focused largely on the timing of El Cortez's request for a stipulated extension, which was made at "the 59th minute of the 11th hour." The court orally granted Noble Pie's motion to dismiss, emphasizing that "rules have meaning" and reasoning that under the district court rules there was no opposition and dismissal was proper. In the written order granting Noble Pie's motion to dismiss, the court noted that El Cortez's expectation that it would receive an extension of time, either through a stipulation from Noble Pie or from the court, does not constitute good cause. The order explained that El Cortez's failure to timely file and serve an opposition to Noble Pie's motion to dismiss was deemed an admission that the motion is meritorious and a consent to granting the motion pursuant to DCR 13(3). The court denied El Cortez's motion for an extension and granted Noble Pie's motion to dismiss the amended complaint without affording El Cortez leave to amend. Noble Pie then moved for, and was awarded, attorney fees under the relevant provision within the parties' lease agreement. These consolidated appeals followed.

## DISCUSSION

According to El Cortez, the district court erred in several respects leading up to, and after, the dismissal of the amended complaint with prejudice. Specifically, El Cortez argues the district court improperly (1) denied the request for a deadline extension, (2) granted the motion to dismiss, (3) failed to address the request for leave to amend the complaint, and (4) awarded attorney fees. We address these claims in the order they

SUPREME COURT
OF
NEVADA

4

(O) 1947A

occurred, starting with El Cortez's request for an extension of time to file an opposition to the motion to dismiss.

*Request for an extension of time*

El Cortez argues that the district court erred in denying the motion for an extension to file an opposition to Noble Pie's motion to dismiss. We review a district court's denial of an untimely motion for relief from a missed deadline for an abuse of discretion. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 598, 245 P.3d 1198, 1202 (2010). And we review a district court's interpretation of procedural rules de novo as issues of law. *Moseley v. Eighth Jud. Dist. Ct.*, 124 Nev. 654, 662-63, 188 P.3d 1136, 1142 (2008).

When a party must act within a specified time, the court may, *for good cause*, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." NRCP 6(b)(1)(B)(ii). The good cause inquiry "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Generally, "[g]ood cause . . . is established when it is shown that the circumstances causing the failure to act are beyond the individual's control." *Moseley*, 124 Nev. at 668 n.66, 188 P.3d at 1146 n.66; *see also Spar Bus. Servs., Inc. v. Olson*, 135 Nev. 296, 300, 448 P.3d 539, 543 (2019) (finding no abuse of discretion when the district court determined that a party failed to demonstrate good cause to extend the period for service).

In this case, the district court carefully considered the arguments made by El Cortez's counsel. The court noted that El Cortez had "been late on every motion thus far." It appeared to the district court that El Cortez chose to prioritize other work. And the court determined that El

Cortez simply assumed it would yet again receive an extension.[1] This determination highlights that nothing beyond counsel's control caused the delay. *See Moseley*, 124 Nev. at 668 n.66, 188 P.3d at 1146 n.66. And the district court thoughtfully considered the relevant rules, along with the protracted nature of the litigation between the parties, when making its determination. The district court determined that El Cortez's reliance on a last-ditch request for "professional courtesy" did not demonstrate good cause. We owe that determination deference, and we cannot say the district court abused its discretion. Under the circumstances presented, we agree with the district court because, particularly in an adversarial system, rules matter.

In an adversarial system, the parties present opposing positions to a neutral decision-maker for resolution. *See State v. Eighth Jud. Dist. Ct. (Doane)*, 138 Nev. 896, 900, 521 P.3d 1215, 1221 (2022) (noting that courts "rely on the parties to frame the issues for decisions" and "courts [assume] the role of neutral arbiter of matters the parties present"). This keystone of adjudication necessitates an orderly process. As a result, rules of procedure—impartially crafted and fairly applied—provide guardrails to ensure that legal disputes do not devolve into lawyerly brawling. *See Geary v. Schroering*, 979 S.W.2d 134, 136 (Ky. Ct. App. 1998) (observing that circumventing the rules of civil procedure leads to litigation "without any adversarial safeguards"). While substantive law shapes legal rights and

---

[1]In communications after Noble Pie denied the underlying request for an extension, Noble Pie noted that it had already agreed to an extension of time for El Cortez to file the first amended complaint. And the record contains other instances of stipulations, which suggest Noble Pie was amenable to timely, reasonable requests for professional courtesy during the litigation.

duties, procedural rules provide the backbone of the legal system. Thus, beyond deadlines and technical requirements, procedural rules promote efficiency and predictability in the legal system.

In accordance with the rules, we laud attorneys' cooperation regarding procedural agreements when client interests are not harmed. *See Creed of Professionalism & Civility*, State Bar of Nevada, Canon 12 (rev. June 21, 2023) ("We will explain to our clients that cooperation is the professional norm. We will explain how procedural agreements do not compromise the clients' interests."). For example, the party in *Craig v. Harrah* faced a deadline and asserted that "opposing counsel has refused to stipulate for extension of time." 65 Nev. 294, 296, 195 P.2d 688, 689 (1948). We noted that "unless the circumstances were exceptional, [opposing counsel] should, and doubtless would, have granted the request, *if timely made*, but would not legally be required to do so." *Id.* at 297, 195 P.2d at 698 (emphasis added).

Here, El Cortez's failure to request an extension until the last minute was patently unreasonable and did not warrant the usual courtesy. In fact, even if Noble Pie extended such courtesy the next day, any stipulation would have been futile, as the deadline to file the opposition would have already passed without a filing. *See id.* (observing that if the request for an extension had been made "after defendant's time had expired, the granting of such request would have been futile" under the relevant statute). And just as we expect attorneys to not unreasonably oppose extension requests, so too do we expect attorneys to exercise diligence in seeking extensions. More fundamentally, a district court does not abuse its discretion by requiring parties to adhere to deadlines. *See* NRCP 1 (providing that the rules of civil procedure "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *cf. Weddell v. Stewart*, 127 Nev. 645, 650, 261 P.3d 1080, 1084 (2011) ("[F]or this court to be able to continue to fulfill its responsibility of resolving legal disputes in a fair, efficient, and timely manner, it is imperative that the parties follow the applicable [appellate] procedural rules and that they comply in a timely fashion with our directives.").

Given that the legal process is adversarial, we are unpersuaded that a party may rely on a belated request for a "professional courtesy" as good cause for missing a deadline. Where, as here, a party fails to present his or her opposition to a motion, that "[f]ailure . . . may be construed as an admission that the motion is meritorious and a consent to granting the same." DCR 13(3); *see Weddell*, 127 Nev. at 650-51, 261 P.3d at 1084 (explaining that procedural derelictions are not without consequence). Such adverse results follow procedural failures because the rules must have consequences to have meaning.

Because El Cortez concedes that a busy schedule was the impetus for the failure to timely respond, the district court properly applied NRCP 6(b)(1)(B)(ii). Under these circumstances, El Cortez cannot rely on the commendable but ethereal principle of "professional courtesy" to excuse such a failure. Indeed, a party refusing to grant a favor is not something beyond the requester's control. And the district court's conclusion that good cause did not exist because El Cortez merely expected a courtesy extension was not an abuse of discretion.

*Excusable neglect*

El Cortez next argues that in considering the extension request, the district court should have applied the excusable neglect factors as outlined in *Moseley v. Eighth Judicial District Court*, 124 Nev. 654, 188 P.3d

1136 (2008). We disagree because "'[g]ood cause' and 'excusable neglect' are distinct standards." *Id.* at 668 n.66, 188 P.3d at 1146 n.66.

As explained above, NRCP 6(b)(1)(B) allows a party to seek an extension when good cause is shown. When the request is made after the deadline has passed, the extension may be granted only if the party failed to act because of excusable neglect. NRCP 6(b)(1)(B)(ii). Thus, NRCP 6(b)(1)(B) creates a bifurcated framework regarding proposed filings after the deadline has passed: first, the district court must determine if good cause exists to extend the filing deadline; second, if good cause exists, the district court must determine whether the party failed to timely act due to excusable neglect. NRCP 6(b)(1)(B) creates a threshold inquiry for the district court, initially requiring a showing of good cause to extend the deadline. *See* 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2025) (explaining the federal district courts may exercise their discretion under the analogous FRCP 6(b)(1) "only 'for good cause'" and thus "a party must demonstrate some justification for the issuance of the extension"). If good cause does not exist, the inquiry ends. As El Cortez failed to demonstrate good cause to warrant an extension, it was unnecessary for the district court to analyze excusable neglect. Thus, no relief is warranted on this ground, and we turn to the motion to dismiss.

*Motion to dismiss*

El Cortez argues the district court improperly granted Noble Pie's motion to dismiss the amended complaint by treating DCR 13(3) as a procedural default. According to El Cortez, the district court failed to conduct the proper merits analysis of the sufficiency of its operative complaint under NRCP 12(b)(5). We disagree because El Cortez admitted the motion had merit by failing to oppose it. Thus, El Cortez's failure to

oppose the motion provided an appropriate legal basis to grant the motion to dismiss.

In this case, the district court granted Noble Pie's motion to dismiss El Cortez's original complaint but granted El Cortez leave to amend to "restate or clarify" the second cause of action and any other causes of action impacted by Noble Pie vacating the premises and this court's previous ruling in *El Cortez Reno Holdings, LLC v. PFPCO.'s Noble Pie Parlor*, Nos. 83704 & 84173, 2022 WL 18003467 (Nev. Dec. 23, 2022) (Order of Affirmance). El Cortez filed an amended complaint. Nobel Pie again moved to dismiss the amended complaint. Due to El Cortez's failures to both follow the court's instructions and file a timely opposition, the district court granted the motion, dismissing the amended complaint with prejudice. Specifically, in the order dismissing the amended complaint, the district court found that El Cortez did not follow the court's instructions about amending the complaint. Although El Cortez made superficial changes, the court concluded that the remainder of the amended complaint was a "word-for-word copy" of the original complaint.

Clearly, by providing that the district court "may" construe the lack of an opposition as an admission that a motion is meritorious and a consent to granting the same, DCR 13(3) does not mandate granting a motion simply because it is unopposed. In fact, the unique circumstances of a case may warrant the denial of an unopposed motion to dismiss based on the court's discretion. But under DCR 13(3), a trial court has discretion to presume an unopposed motion is meritorious and the opposing party has consented to it being granted. *See Walls v. Brewster*, 112 Nev. 175, 178, 912 P.2d 261, 263 (1996) ("[I]t was proper for the district court to construe [plaintiff's] failure to respond to [defendant's] motion to dismiss as an

Supreme Court
OF
Nevada

(0) 1947A

10

admission that the motion was meritorious and as a consent to grant the motion."). Although DCR 13(3) does not provide for dismissal specifically, that is the inevitable outcome when resolving a meritorious motion to dismiss. We therefore conclude that the district court was within its discretion to grant the motion to dismiss, and we turn to the propriety of dismissal *with* prejudice.

Regarding the dismissal with prejudice, we conclude that El Cortez has not demonstrated that the district court abused its discretion. *See Moore v. Cherry*, 90 Nev. 390, 394, 528 P.2d 1018, 1021 (1974) (explaining that utilization of the harsh sanction of dismissal with prejudice "must be tempered by a careful exercise of judicial discretion"). We have frequently upheld the granting of a dispositive motion under DCR 13(3) due to lack of diligence and dilatory tactics. *See, e.g., King v. Cartlidge*, 121 Nev. 926, 928, 124 P.3d 1161, 1163 (2005) (affirming a summary judgment due to a party's tardy and unsupported opposition filed several days past the DCR 13(3) deadline and after three continuances had been granted); *Walls*, 112 Nev. at 178, 912 P.2d at 263 (affirming an order granting a motion to dismiss with prejudice, per DCR 13(3), when an opposition was not timely filed). In those cases, we have recognized that "[i]nherent in courts is the power to dismiss a case for failure to prosecute or to comply with its orders." *Moore*, 90 Nev. at 393, 528 P.2d at 1020. But inherent authority is susceptible to abuse and "must be exercised with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Sparks v. Bare*, 132 Nev. 426, 433, 373 P.3d 864, 868 (2016) (internal quotation marks omitted). Thus, courts must "exercise [the inherent] power [to dismiss] within the bounds of sound judicial discretion, independent of any

authority granted under statutes or court rules." *Moore*, 90 Nev. at 393, 528 P.2d at 1020.

As detailed, the district court dismissed El Cortez's original complaint but granted El Cortez leave to amend to "restate or clarify" the second cause of action and any other causes of action impacted by Noble Pie vacating the premises as well as this court's prior order involving the litigation between the parties. *See El Cortez Reno Holdings*, 2022 WL 18003467. Despite that order, El Cortez submitted a nearly identical amended complaint. Because El Cortez stacked one failure (noncompliance with the district court's order) on top of another (not timely opposing the underlying motion to dismiss), we conclude that dismissal with prejudice was not an abuse of discretion. *Cf. Moore*, 90 Nev. at 395, 528 P.2d at 1022 ("The element necessary to justify dismissal for failure to prosecute is lack of diligence on the part of the plaintiff, whether individually or through counsel."); *see also* NRCP 41(b) (noting that a defendant may move to dismiss for plaintiff's failure to follow a court order and such dismissal operates as an adjudication on the merits). Having determined that the district court did not abuse its discretion by granting the motion to dismiss pursuant to DCR 13(3), we turn to the remaining issues.

*Leave to amend*

El Cortez argues that the district court abused its discretion by failing to consider the alternative request for leave to amend the amended complaint. A party should be granted leave to amend a pleading "when justice so requires" and any amendment would not be futile. NRCP 15(a)(2); *Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993). "[A] motion for leave to amend pursuant to NRCP 15(a) is addressed to the sound discretion of the trial court, and its action in denying such a motion will not be held to be error in the absence of a showing of abuse of

discretion." *Kantor v. Kantor*, 116 Nev. 886, 891, 8 P.3d 825, 828 (2000) (quoting *Connell v. Carl's Air Conditioning*, 97 Nev. 436, 439, 634 P.2d 673, 675 (1981)). "Sufficient reasons to deny a motion to amend a pleading include undue delay, bad faith or dilatory motives on the part of the movant." *Id.*

Here, El Cortez requested leave to amend the complaint to add an additional claim for property damage only if the district court found that El Cortez did not adequately plead the other causes of action. This request was contained within the untimely opposition to Noble Pie's motion to dismiss. El Cortez admitted in its filing that it became aware of these new damages after filing the first amended complaint, yet El Cortez did nothing to attempt to amend the complaint until *after* the opposition was due and *only if* the district court was inclined to dismiss the complaint. This conduct reflects bad faith and an attempt to add a claim simply to defeat the motion to dismiss. Moreover, the timing of the request (contained within an untimely filing and made after El Cortez concedes it became aware of the claim yet made no attempt to amend otherwise) reflects undue delay. Denial of leave to amend was not an abuse of discretion under these circumstances.

Although the district court did not address El Cortez's request for leave to amend outright, the dismissal with prejudice necessarily denied the request. Further, the record shows that the district court's conclusion was correct for the reasons stated herein, and we may affirm on any ground supported by the record, even if not relied upon by the district court. *See Saavedra-Sandoval*, 126 Nev. at 599, 245 P.3d at 1202. We therefore conclude that El Cortez has not shown that the district court abused its discretion.

*Attorney fees*

El Cortez argues that Noble Pie was not a "prevailing party" under the relevant contract provision and thus any award of fees was improper. Reviewing for an abuse of discretion, *MB America, Inc. v. Alaska Pacific Leasing Co.*, 132 Nev. 78, 88, 367 P.3d 1286, 1292 (2016), we disagree.

Contract interpretation is a question of law that this court reviews de novo. *Nev. State Educ. Ass'n v. Clark Cnty. Educ. Ass'n*, 137 Nev. 76, 80, 482 P.3d 665, 671 (2021). The relevant portion of the contract provision at issue defines "the Prevailing Party" as "a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense."

We conclude that Noble Pie is a prevailing party as defined under the contract. In the operative complaint, El Cortez brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unlawful detainer, and declaratory relief while seeking general and special damages. By obtaining dismissal of the complaint in its entirety, Noble Pie successfully defeated all of El Cortez's claims. Under the plain language of the contract, Noble Pie was a party who defeated the relief sought by a judgment. Therefore, we hold that Noble Pie was a prevailing party under the contract, and the district court properly awarded attorney fees.

## CONCLUSION

Professional courtesy exemplifies civility and the desire for fair and mannerly legal dispute resolution. But courtesy cannot be divorced from professionalism, which requires adherence to the rules. Indeed, procedural rules are not only practical and useful, but they are necessary

for the orderly administration of justice. Thus, both principles weigh in the balance of efficiently litigating cases with the preference for resolving those cases on their unique merits. In sum, we encourage respect and civility among colleagues, but rules still matter. Accordingly, we conclude that the district court did not abuse its discretion in denying the request for an extension of time and did not err in granting the motion to dismiss pursuant to DCR 13(3). We also conclude that the district court did not abuse its discretion in denying the request for leave to amend or in awarding attorney fees. Thus, we affirm.

_____, J.
Stiglich

We concur:

_____C.J.
Herndon

_____, J.    _____, J.
Parraguirre                        Bell

_____, J.    _____, J.
Cadish                             Lee

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., dissenting:

The district court abused its discretion when it denied El Cortez's motion for a one-week extension of time to file an opposition to Noble Pie's NRCP 12(b)(5) motion to dismiss the first amended complaint. The day the opposition was due, El Cortez's counsel asked Noble Pie's counsel to stipulate to the one-week extension, explaining he had a trial starting the next week and needed the additional time to revise the draft opposition his associate had prepared. The next day, Noble Pie refused the stipulated extension and El Cortez filed the motion for an extension of time underlying this appeal. El Cortez finalized and filed its opposition to the motion to dismiss several days later, within the requested one-week extension period. Because it denied El Cortez's motion to extend time, however, the district court refused to consider El Cortez's opposition and granted the motion to dismiss with prejudice as unopposed. *See* DCR 13(3) ("Failure of the opposing party to serve and file a written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.").

NRCP 6(b)(1)(B) authorizes a district court to extend an expired procedural deadline on motion, provided "good cause" and "excusable neglect" are shown. In its order, the district court purports to apply NRCP 6(b)(1)(B), finding that El Cortez's "expectation that it would receive an extension of time . . . does not constitute good cause" and that "Noble Pie has been prejudiced by the delay" because "El Cortez's late-filed opposition . . . generated uncertainty about whether Noble Pie was to file a reply." These findings improperly focus on the timing of the extension request, to the exclusion of the need for the extension in the first place. And,

while the district court's order references "good cause," it does not address "excusable neglect" at all.

Reasonable and justified extension requests based on constrained litigation schedules and in reliance on professional norms establish "good cause" unless prejudice is shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) (finding an abuse of discretion by the district court in denying a motion for a one-week extension of time to which the movant's opponent's counsel opportunistically refused to stipulate). Once the motion to dismiss was served, El Cortez had 14 days to file its opposition. WDCR 12(2). El Cortez's counsel's request for a one-week extension of that deadline was reasonable and justified, given his small firm, imminent trial date, and Nevada norms of professional courtesy. *See Ahanchian*, 624 F.3d at 1259-60; *see also* Nev. R. Prof. Conduct, Rule 3.2(b) (providing that a lawyer's duty to a client "does not preclude a lawyer from granting a reasonable request from opposing counsel for an accommodation, such as an extension of time").

Prejudice is a factor in determining both "good cause" and "excusable neglect." *See Ahanchian*, 624 F.3d at 1260 (holding that prejudice is critical in deciding "good cause"); *Moseley v. Eighth Jud. Dist. Ct.*, 124 Nev. 654, 667-68, 188 P.3d 1136, 1146 (2008) (holding that prejudice is a factor in determining "excusable neglect"). The only prejudice the district court or Noble Pie identified, apart from the one-week delay in the briefing schedule, was that El Cortez's filing of its opposition after the due date but before the district court ruled on its motion to extend time left Noble Pie uncertain of whether and when its reply in support of the motion to dismiss would be due. This point is unpersuasive. A one-week delay in filing an opposition to a motion to dismiss does not establish cognizable

prejudice, particularly where, as here, the movant sought to negotiate a revised briefing schedule before filing its motion to extend time and offered a reciprocal extension of the due date for the reply. *See Ahanchian*, 624 F.3d at 1260.

The record establishes that El Cortez's counsel had a draft opposition in hand when he requested the extension but that, given the press of other business in his office, he needed additional time to complete it. Diligence in prosecuting the case thus was shown. In hindsight, El Cortez should not have waited until the day its opposition was due to request an extension. But its neglect in not seeking an extension earlier was excusable given prevailing professional norms, the short extension requested, and the fact El Cortez requested the professional courtesy of a short stipulated extension of time before the deadline expired. Public policy supports attorneys granting such requests when doing so does not prejudice their client's cause, Nev. R. Prof. Conduct, Rule 3.2(b), so that cases can be decided on their merits rather than under a procedural default rule like DCR 13(3), *Dornbach v. Tenth Jud. Dist. Ct.*, 130 Nev. 305, 311, 324 P.3d 369, 373 (2014); *see Rowland v. Lepire*, 95 Nev. 639, 600 P.2d 237 (1979) (annulling a judgment entered by default and without notice against a party who had asked for an extension of time).

A district court's good cause and excusable neglect determinations are reviewed for an abuse of discretion, but "deference is not owed to legal error." *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). Where, as here, all recognized factors point in favor of finding good cause and excusable neglect, a district court abuses its discretion in not finding they exist and granting relief accordingly. *See Lombardo v. Nev. Comm'n on Ethics*, No. 88093, 2025 WL 1711537, at *4-5

(Nev. June 18, 2025) (Order of Reversal and Remand) (reversing an order denying a motion to extend time and dismissing a petition for judicial review for untimely service because the district court did not correctly analyze good cause); *Scrimer v. Eighth Jud. Dist. Ct.*, 116 Nev. 507, 517, 998 P.2d 1190, 1196-97 (2000) (granting mandamus to correct a district court's failure to recognize and apply appropriate good cause criteria). For these reasons, I would reverse and remand for the district court to review the motion to dismiss and the opposition thereto on the merits under NRCP 12(b)(5), rather than affirm on the basis of the default rule in DCR 13(3). I therefore respectfully dissent.

_____, J.
Pickering